# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Freddie L. Dillard,

                 Plaintiff,

      v.

Joan Fabian, Department of
Correction Commissioner; Tom
Roy, Department of Correction
Commissioner; Christopher Coleman,
City of St. Paul Mayor; Carol Pender
Roberts, Ramsey County Adult
Community Correction Director;
Tom Smith, St. Paul Chief of Police
in his personal, official, and individual
capacity; Tom Harrington, St. Paul Chief
of Police in his personal, official, and
individual capacity; and all persons
unknown claiming any legal or equitable
right or accrued interest described in the
complaint adverse to plaintiff's complaint,

                 Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 16-3403 ADM/DTS

---

Freddie L. Dillard, pro se.

Jason Marisam, Assistant Attorney General, Minnesota Attorney General's Office, St. Paul, MN, on behalf of Defendants Joan Fabian and Tom Roy.

Cheri M. Sisk, Assistant City Attorney, City of St. Paul Attorney's Office, St. Paul, MN, on behalf of Defendant Christopher Coleman.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendants Joan Fabian and Tom Roy's (the "DOC Defendants") Motion to Dismiss [Docket

No. 18]; Defendant Christopher Coleman's ("Coleman") Motion to Dismiss [Docket No. 24];

Plaintiff Freddie L. Dillard's ("Dillard") Motion for Summary Judgment [Docket No. 29]; and

Dillard's Motion to Rebut Defendants' Motion to Dismiss [Docket No. 32]. For the reasons set forth below, both Motions to Dismiss are granted, Dillard's Motions are denied, and the case is dismissed.

## II. BACKGROUND

In July 2000, a Minnesota state court jury convicted Dillard of solicitation to practice prostitution, engaging in prostitution with a child, and kidnapping. See State v. Dillard, No. C7-00-2168, 2001 WL 1491295, at *1 (Minn. Ct. App. Nov. 27, 2001). He was sentenced to 158 months of imprisonment, which was affirmed by the Minnesota Court of Appeals. Id. at *1,*4.[1]

Dillard then challenged his conviction by filing three habeas corpus petitions in United States District Court for the District of Minnesota, each of which was dismissed. See Dillard v. Fabian, No. 03-5317; Dillard v. State of Minn., No. 05-2087; Dillard v. Ramsey Cty., No. 09-1165.

On May 21, 2009, Dillard was released from custody to supervised release. First Am. Compl. [Docket No. 4] ¶ 9; Courtney Aff. [Docket No. 21] Ex. C. His supervised release date was scheduled to expire on September 18, 2013. Courtney Aff. Ex. C. Over the next four years, his supervised release was revoked several times, resulting in additional periods of incarceration. On June 19, 2009, Dillard's supervise release was revoked for failure to complete a residential

---

[1] Dillard's 158-month sentence was for solicitation to practice prostitution. Id. at *1. The state district court also sentenced Dillard to 108 months for kidnapping and 48 months for engaging in prostitution with a child. Id. These sentences were to be served concurrently with the 158-month sentence. Id. On appeal, the Minnesota Court of Appeals affirmed the 158-month sentence and the 108-month sentence, but vacated the 48-month sentence because it was based on the same conduct that gave rise to the 158-month sentence. Id. at *1, *4. Because all sentences were to be served concurrently, the elimination of the 48-month sentence did not impact the duration of Dillard's confinement or supervised release.

program as directed.  <u>Id.</u> Ex. D.  After serving 90 days, Dillard was assigned additional days of incarceration until a bed became available at a residential treatment program.  <u>Id.</u> Ex. E.  On March 5, 2010, Dillard's supervised release was revoked for 220 days for absconding from a halfway house and remaining a fugitive for 18 days.  <u>Id.</u> Ex. F.  The expiration date for his supervised release was extended by18 days to October 6, 2013.  <u>Id.</u>  On November 2, 2012, Dillard's supervised release was revoked for 120 days for owning or operating a device with internet access and failing to submit to a polygraph test.  <u>Id.</u> Ex. G.  On April 8, 2013, Dillard was required to remain incarcerated pending approval of a residence plan for him.  <u>Id.</u> Ex. H.  On July 8, 2008, Dillard's supervised release was revoked until the expiration of his sentence on October 6, 2013, "with the understanding that Mr. Dillard can leave anytime to an agent-approved residence."  <u>Id.</u> Ex. I.  On October 6, 2013, Dillard's sentence expired and he was discharged.  <u>Id.</u> Ex. J.

Before his discharge, Dillard filed three lawsuits under 42 U.S.C. § 1983 in United States District Court for the District of Minnesota challenging the revocations of his supervised release.  <u>See</u> <u>Dillard v. State Dep't of Corrs.</u>, No. 09-2061; <u>Dillard v. City of St. Paul</u>, No. 09-2154; <u>Dillard v. Minnesota Dep't of Corrs.</u>, No. 12-2626.  All were dismissed for failure to state a claim.

On October 7, 2016, Dillard filed this lawsuit and an application to proceed without prepaying the filing costs.  <u>See</u> Compl. [Docket No. 1]; IFP Application [Docket No. 2].  Although Dillard's pleadings are difficult to understand, Dillard appears to challenge the legality of his supervised release on the basis that it was not lawful to begin with and also that it was wrongly revoked.  <u>See</u> First Am. Compl. ¶¶ 8—10, 13–18.  Dillard also alleges that he was

falsely adjudicated as a level one predatory sex offender.  Id. ¶¶ 11–12.  Dillard asserts the same

allegations and claims against all Defendants.  See generally id.

On February 17, 2017, United States Magistrate Judge Leo I. Brisbois granted Dillard's

request to proceed IFP.  See Order [Docket No. 6] at 4.  Although Dillard was allowed to

proceed IFP, Judge Brisbois observed that Dillard's claims were likely to be dismissed:

> This Court strongly suspects that Dillard's claims are precluded by
> the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994), in
> which the Supreme Court held that a litigant cannot maintain a civil-
> rights action that, if successful, would necessarily cast doubt on the
> validity of a facially valid criminal confinement.  That said, due to
> the lack of records before this Court, it cannot definitely conclude at
> this time that Heck applies.

Id. at 3–4.  Judge Brisbois also noted that if Dillard's claims are barred by the Heck doctrine,

"then his Complaint is frivolous, and he may be subject to monetary sanction under Fed. R. Civ.

P. 11(b)."  Id. at 4.

On May 23, 2017, the DOC Defendants filed a Motion to Dismiss, arguing that Dillard's

claims are barred under Heck and res judicata.  In conjunction with their Motion, the DOC

Defendants submitted state criminal records related to Dillard convictions, sentence, and

revocations of his supervised release.  See generally Courtney Aff.  Defendant Coleman has also

filed a Motion to Dismiss, adopting the arguments of the DOC Defendants.  Dillard has filed a

Motion for Summary Judgment and a Motion to Rebut Defendants' Motion to Dismiss.

### III.  DISCUSSION

**A.  Motion to Dismiss Standard**

Rule 12(b)(6) provides that a party may move to dismiss a complaint for failure to state a

claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to

dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879–80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. The Court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

A pleading must relate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## B. **Heck Doctrine**

Defendants argue that Dillard's lawsuit is barred by the Heck doctrine. In Heck, the Supreme Court held that a § 1983 plaintiff alleging unconstitutional conviction or imprisonment must show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). In other words, the plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by grant of habeas corpus." Id. at 489. The Heck doctrine applies even when a plaintiff is no longer incarcerated. Marlowe v. Fabian, 676 F.3d 743, 747 (8th Cir. 2012) (holding that a former state prisoner's § 1983 claims for unlawful revocation of supervised

release were barred by the <u>Heck</u> doctrine because the plaintiff failed to show that his challenged incarceration had been reversed or invalidated).

The state court criminal records submitted to this Court show that Dillard's convictions, supervised release and subsequent revocations were made pursuant to facially valid orders. <u>See</u> Courtney Aff. Exs. A–J. Dillard has not alleged that those orders were "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 489. Since Dillard has failed to allege that his convictions or 158-month sentence have been invalidated, his challenges to his imprisonment, supervised release, and sex offender status are not cognizable under § 1983.

Accordingly, Dillard's lawsuit is barred by <u>Heck</u> and must be dismissed.[2] The Motions to Dismiss are granted and Dillard's Motion for Summary Judgment and Motion to Rebut Defendants' Motion to Dismiss are denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants Joan Fabian and Tom Roy's Motion to Dismiss [Docket No. 18] is **GRANTED**;

2.  Defendant Christopher Coleman's Motion to Dismiss [Docket No. 24] is **GRANTED**;

3.  Plaintiff Freddie L. Dillard's Motion for Summary Judgment [Docket No. 29] is **DENIED**;

---

[2] Although some of the named Defendants in this case have not filed a motion to dismiss, Dillard's claims against all Defendants are barred by <u>Heck</u>. Therefore, the case will be dismissed in its entirety.

4.	Dillard's Motion to Rebut Defendants' Motion to Dismiss [Docket No. 32] is **DENIED**; and

5.	Dillard's First Amended Complaint [Docket No. 4] is **DISMISSED** for failure to state a claim upon which relief can be granted.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 1, 2017.